**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DESMOND RONELL PRYER, | ) | NO. CV 23-579-FMO(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| BRYAN D. PHILLIPS - WARDEN, | ) | |
| Respondent. | ) | |

Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" on January 23, 2023. The Petition seeks to challenge a Superior Court criminal judgment in "Case number MA068111" (Petition at 2). Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. See Pryer v. Cisneros, CV 22-1504-FMO(E). On July 11, 2022, this Court entered Judgment in Pryer v. Cisneros, CV 22-1504-FMO(E), denying and dismissing the prior petition with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

1  Effective Death Penalty Act of 1996"). Section 2244(b) requires that
2  a petitioner seeking to file a "second or successive" habeas petition
3  first obtain authorization from the Court of Appeals. See Burton v.
4  Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
5  authorization from Court of Appeals before filing second or successive
6  petition, "the District Court was without jurisdiction to entertain
7  [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
8  2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
9  requires the permission of the court of appeals before 'a second or
10 successive habeas application under § 2254' may be commenced"). A
11 petition need not be repetitive to be "second or successive," within
12 the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v.
13 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
14 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
15 Mar. 6, 2008). Petitioner evidently has not yet obtained
16 authorization from the Ninth Circuit Court of Appeals. Consequently,
17 this Court cannot entertain the present Petition. See Burton v.
18 Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471
19 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
20 authorization from the Court of Appeals to file a second or successive
21 petition, "the district court lacks jurisdiction to consider the
22 petition and should dismiss it.") (citation omitted).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  For all of the foregoing reasons, the Petition is denied and
2  dismissed without prejudice.

4  LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED: January 30, 2023.

8  /s/
   FERNANDO M. OLGUIN
9  UNITED STATES DISTRICT JUDGE

11 PRESENTED this 27th day of
12 January, 2023, by:

14  /S/
    CHARLES F. EICK
15 UNITED STATES MAGISTRATE JUDGE

3